UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ROBERT L. KRUG and BONNIE S. KRUG,**

                                **Plaintiffs,**

   **-against-**                                                          1:04-CV-0640
                                                                                   (TJM/DRH)

**THE COUNTY OF RENNSELAER;**
**THE CITY OF TROY POLICE DEPARTMENT;**
**NICHOLAS KAISER, Police Chief; JACK MAHAR,**
**Captain; JOHN WATERS, Sergeant; RICHARD**
**SCHOONMAKER, Police Officer; LEE F. HESS,**
**Police Officer; CHRISTOPHER CIEPLICK, FBI**
**Special Agent, Individually and in their official capacities,**

                                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

      Plaintiffs Robert L. and Bonnie S. Krug commenced this action *pro se* alleging, *inter alia*, violations of their rights secured by the United States Constitution and New York State common law. See generally Amd. Compl. and ¶¶ 17-25, 28, 29, 36 [dkt. #40].  Now before the Court is Defendant Cieplik's motion to dismiss the claims against him on the grounds that: (1) Plaintiffs failed to exhaust their administrative remedies prior to bringing suit against the United States as required by 28 U.S.C. § 2675(a); (2) Plaintiffs failed to properly serve process upon the United States as required

by Fed. R. Civ. P. 4(i); and (3) the Amended Complaint fails to state a claim upon which relief can be granted as to Defendant Cieplik. Dkt. # 54. Plaintiffs have opposed the motion on all grounds. Dkt. # 56. For the reasons that follow, Defendant's motion is **granted in part and denied in part**.

## II. BACKGROUND

Inasmuch as this motion is brought under Rule 12(b) of the Federal Rules of Civil Procedure, the following facts are taken from the Amended Complaint and accepted as true for purposes of this motion. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Late in the evening on June 6, 2001, Troy City Police arrested Plaintiff Robert Krug on the belief that, earlier that day, he had attempted to rob the HSBC Bank on Second Avenue in Troy, New York. See Amd. Compl., ¶ 16. At about the same time and without a warrant, the Troy City Police seized a truck rented by Robert Krug that was parked in Albany County, towed it to Rensselaer County, and searched it. See Amd. Compl., ¶ 17.

The next morning, after learning of her husband's arrest on a television news broadcast, Plaintiff Bonnie Krug contacted the Troy Police Department to inquire about her husband's whereabouts. She was told that if she wished to see her husband, she could go to the Troy City Court where he was going to be arraigned See Amd. Compl., ¶ 18. Once at the Courthouse, however, she did not see her husband and instead was directed to the nearby Troy Police Station and told that she had to speak with certain Troy City Police officers. Once at the Troy Police Station, Plaintiff Bonnie Krug was detained for several hours and interrogated about her and her husband's connection to the attempted robbery of the HSBC Bank. She was advised that an agent of the Federal Bureau of Investigation would be arriving soon to question her, and she was coerced into signing forms consenting to searches of properties owned by her and her husband. See Amd. Compl., ¶¶ 19-25, 28,

2

36. When the FBI agent did not arrive, she was transported by the Troy Police to the FBI office in Albany, where she waited in the car for an FBI agent to come out of the FBI office.  Defendant Cieplik, a Special Agent with the FBI, eventually came out of the FBI office and went with the Troy Police officers to search Plaintiffs' properties.  The Troy police officers and  Defendant Cieplik searched Plaintiffs' residence at 20 Madison Avenue East, New Baltimore, New York and then searched their property at 349 Main Street, New Baltimore, New York. Certain items were confiscated. Plaintiffs contend that the interrogation of Bonnie Krug, the searches of Plaintiffs' properties, and all seizures of property resulting therefrom were unconstitutional acts causing them damages. See Amd. Compl., ¶¶ 28, 36.

Defendant Cieplik is sued in his individual and official capacities. Id. ¶ 14.   He is alleged to have participated "and/or acquiesc[ed] to the unlawful exploratory searches and seizures of plaintiffs' property and the unlawful arrest and or custody of Plaintiff Bonnie Krug resulting in the violation of plaintiffs' civil rights." Id.; see also id. ¶¶ 26 -28 (allegations regarding Defendant Cieplik's participation in the searches of Plaintiffs' properties).  After two amendments of the Complaint, and numerous communication with the Magistrate Judge regarding deficiencies in service of process upon the United States, the instant motion followed.

## III. DISCUSSION

### A.  Failure to Exhaust Administrative Remedies

Defendant Cieplik argues that the action against him must be dismissed because Plaintiffs failed to exhaust administrative remedies before commencing suit as required by the Federal Tort Claims Act.  Plaintiffs argue that they did not sue the United States, but only sued Defendant Cieplik. See  Plf. Mem. L., ¶ 6, dkt. # 56.

3

As indicated above, Plaintiffs sued Defendant Cieplik in both his individual and official capacities. It is well settled that "a suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." McMillian v. Monroe County, 520 U.S. 781, 785, n.2 (1997) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)) (internal quotations omitted); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 509-10 (2d Cir. 1994)(Suits against officers of the United States for actions taken in their official capacities are considered suits against the United States.). Thus, inasmuch as Defendant Cieplik is a federal officer, Plaintiffs' claims against him in his official capacity are claims against the United States.

An action for monetary damages may only be maintained against the United States to the extent that it has waived sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act waives sovereign immunity for "claims against the United States, for money damages. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). This waiver, however, operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction. See Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998). One such condition is that a plaintiff must first file an administrative claim with the appropriate federal agency before seeking monetary damages in federal court. See 28 U.S.C. § 2675(a); Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004); Millares Guiraldes de Tineo, 137 F.3d at 719. This procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Because it is undisputed that Plaintiffs did not file an administrative claim with respect to the claims asserted in this action, Plaintiffs cannot maintain their claims for monetary damages against

Defendant Cieplik in his official capacity. Adeleke, 355 F.3d at 153;  28 U.S.C. § 2675; see also FDIC v. Meyer, 510 U.S. 471, 476-79 (1994)( The United States has not waived its sovereign immunity with respect to claims for money damages arising from alleged constitutional torts.). Accordingly, all claims against Defendant Cieplik in his official capacity seeking monetary damages are dismissed.

### B.  Service of Process

Next, Defendant Cieplik argues that Plaintiffs' claims against him should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(5) for insufficient service of process.  See Dkt. #54.  In this regard, Defendant Cieplik points to the requirements for service of process upon the United States and its employees, and argues that the action must be dismissed because service was never completed by registered or certified mail upon the Attorney General of the United States. See Fed. R. Civ. P. 4(i)(1), (2)(b).  As the Court has already determined that the Plaintiffs' have no actionable claim against Defendant Cieplik in his official capacity, this argument affects only the claims against Defendant Cieplik in his individual capacity.

To the extent that Plaintiffs have sued Defendant Cieplik individually for purported state common law tort claims in connection with the performance of duties on behalf of the United States,[1] and assuming *arguendo* that such a claim can be maintained without exhaustion of

---

[1] Plaintiffs argue in their opposition Memorandum of Law that Defendant Cieplik failed to act as a "reasonable federal law enforcement officer," Pltf. Mem. L. ¶¶ 11, 12, and that their claim against him is brought pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Id. ¶ 13.  Since Bivens affords a plaintiff a private right of action against federal officials who engaged in unconstitutional conduct in their individual capacities, Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994), and given Plaintiffs' arguments that Defendant Cieplik failed to act as a  "reasonable federal law enforcement officer," it is clear that Plaintiffs sued Defendant Cieplik as acting pursuant to federal authority, not state authority. See Ivey v. Lyman, 2005 WL 1397134, at * 2 (N.D.N.Y. June 1, 2005)(DiBianco, M.J.).

administrative remedies,[2] Plaintiffs have failed to properly effectuate service of process. In this regard, there is no dispute that Plaintiffs have never served the Attorney General of the United States with process by certified or registered mail as required by Rule 4(i)(1)(B). See Fed. R. Civ. P. 4(i)(1).[3] Since the requirements of Rule 4(i)(1)(A) and (B) are in the conjunctive and follow the directive "shall," they cannot be ignored. Id.

Further, Rule 4(i)(2)(b) provides that

> [s]ervice on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) **and** by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(b)(emphasis added). While Plaintiffs may have completed the second part of the service requirement by personally serving Defendant Cieplik with a copy of the Summons and Amended Complaint, see Aff. of Serv. [dkt. # 41-1], they have failed to fulfill the first part of the service requirement that mandates "serving the United States in the manner prescribed by Rule

---

[2] Plaintiffs seemingly argue that since the United States has never certified that Defendant Cieplik was acting within the scope of his federal duties, they need not exhaust administrative remedies. The Government argues that because the United States has never been properly served, it has no obligation to do anything.

[3] Fed. R. Civ. P. 4(i)(1) provides in pertinent part:

(1) Service upon the United States shall be effected

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia,
>
> * * *

6

4(i)(1) ." Fed. R. Civ. P. 4(i)(2)(b).   Nonetheless, dismissal pursuant to Fed. R. Civ. P. 12(b)(5) is not mandated at this time.  This is because Rule 4(i)(3) provides:

> (3)  The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
>
>> (A)  all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or
>>
>> (B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

Fed. R. Civ. P. 4(i)(3).

Inasmuch as Plaintiffs have served Defendant Cieplik and the United States Attorney for the Northern District of New York, see Aff. of Serv. [dkt. # 41-3,] they have satisfied the requirements of Fed. R. Civ. P. 4(i)(3)(A) and (B).  Accordingly, and given Plaintiffs' *pro se* status, the Court will deny the motion on this claim and will allow thirty (30) days for the Plaintiffs to properly serve the United States.  Following this thirty day period, the United States and Defendant Cieplik are granted leave to file additional motions under Rule 12(b).

The Bivens claims are unaffected by this ruling. This is because, in the Second Circuit, plaintiffs who sue government employees in their individual capacities for constitutional torts are not required to effectuate service of process on the United States. Armstrong v. Sears, 33 F.3d 182, 183 (2d Cir. 1994).  Thus, governmental employees sued in their individual capacities on Bivens claims may  be served in accordance with Fed. R. Civ. P. 4 (e), not Rule 4 (i). Id., at 186; see Rivera v. Warden, 2000 WL 769206, at *1-*2  (S.D.N.Y. June 13, 2000).  Plaintiffs have complied with the requirements of Rule 4(e), and, therefore, their constitutional claims against Defendant Cieplik are

not subject to dismissal.

### C. Failure to State a Claim Upon Which Relief Can Be Granted

Defendant Cieplik next argues that the claims against him must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Amended Complaint does not give him fair notice of the claims brought against him or the grounds upon which they rest. The Court disagrees.

"'A court may dismiss a complaint [under Fed. R. Civ. P. 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). "[A] complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512 (quoting Fed. R. Civ. P. 8(a)). "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiffs' claims, the grounds upon which they rest, and states claims upon which relief could be granted. Id. at 514; see Phillip v. Univ. of Rochester, 316 F.3d 291, 293-94 (2d Cir. 2003)(Holding that the liberal pleading rules discussed in Swierkiewicz "apply with particular stringency to complaints of civil rights violations.").

"A party endeavoring to defeat a lawsuit by a motion to dismiss for failure to state a claim faces a 'higher burden' than a party proceeding on a motion for summary judgment." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). "The appropriate inquiry is not whether the plaintiff might ultimately prevail on her claim, but whether she is even entitled to offer any evidence in support of the allegations in the complaint." Smith v. City of New York, 290 F. Supp.2d 317, 319 (S.D.N.Y. 2003). Thus, a federal court's task in determining the sufficiency of a complaint is

8

"necessarily a limited one." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

When a litigant is proceeding *pro se,* the Court must liberally construe the pleadings. See, e.g., Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Moreover, a "court should give the *pro se* litigant special latitude in responding to a motion to dismiss." Gaston v. Gavin, 1998 WL 7217, at *1 (S.D.N.Y. Jan. 8, 1998), aff'd, 172 F.3d 37 (2d Cir. 1998). "Where a *pro se* litigant is involved, the same standards for dismissal apply. However, when deciding a motion to dismiss, the Court may consider allegations that are contained in a *pro se* plaintiff's opposition papers." Weinstein v. Albright, 2000 WL 1154310, at *2 (S.D.N.Y. Aug. 14, 2000)(citing Burgess v. Goord, 1999 WL 33458, at *1 n. 1 (S.D.N.Y. Jan. 26, 1999)).

Here, the Amended Complaint adequately puts Defendant Cieplik on notice that Plaintiffs intend to prove that he participated and/or acquiesced in the allegedly unlawful searches and seizures of Plaintiffs' property, and in the allegedly unlawful arrest of Plaintiff Bonnie Krug. The factual underpinnings of these claims are set forth with sufficient particularity in the Amended Complaint such to allow Defendant Cieplik to mount a defense. According, the motion is denied in this regard.

### D. The Heck Rule

Finally, Defendant Cieplik contends that Plaintiff Robert Krug's claims for monetary damages are barred by the rule established in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable

under § 1983.

Heck, 512 U.S. 486-87 (footnote omitted); see Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994). Under Heck, which applies to Bivens claims, see Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995), a suit will be barred if the gravamen of the suit seeks recovery for the "injury of being convicted" through the wrongful conduct of the defendant, even if the specific claim would not necessarily implicate the lawfulness of the conviction. Heck, 512 U.S. at 481-82; see Kerman v. City of N.Y., 261 F.3d 229, 235 (2d Cir. 2001); United States v. Garcia, 56 F.3d 418, 422 (2d Cir. 1995).

Defendant Cieplik raises the Heck challenge in his Reply Memorandum, arguing that because Plaintiff Robert Krug pled guilty to certain crimes related to the attempted robbery at the HSBC Bank, he is barred from seeking damages from the underlying searches and seizures of his property on the theory that such a recovery would necessarily implicate the lawfulness of the conviction. There are two weakness with this argument. The first is that it relies on documents beyond the pleadings *in this case* to establish Plaintiff Robert Krug's conviction. The Amended Complaint indicates only that Plaintiff Robert Krug is currently incarcerated, but provides no indication of the basis of this incarceration. The Court is not inclined to search through the records in another case to determine the basis of Robert Krug's incarceration, nor could it consider such evidence even if it were inclined to do so. While this argument might be successful on a Rule 56 motion, it is insufficient at this stage of the proceedings.

The second, and perhaps more important, weakness of Defendant's argument is the possibility that Plaintiff Robert Krug could establish that he was subjected to constitutional violation during the course of the investigation that, if proven, might not implicate the lawfulness of his conviction. See Heck, 512 U.S. at 487 ("[I]f the district court determines that the plaintiff's action,

10

even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.")(footnote omitted). Indeed, the Heck Court explained in a footnote that such a contingency could occur:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Heck, 512 U.S. at 487 n. 7 (internal citations omitted).

While Plaintiff Robert Krug will have to establish that he suffered some injury apart from his conviction and imprisonment, see id. n. 7 ("In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).") (citation omitted); Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999),[4] that issue cannot be resolved on this motion. Therefore, the motion in this regard is denied. Defendant can renew it on summary judgment or at trial.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion is **GRANTED IN PART and**

---

[4] In Townes, the Second Circuit held:

Victims of unreasonable searches or seizures may recover damages directly related to the invasion of privacy--including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution. In this manner, the penalty for the violation is ... likely to be at least roughly proportional to the wrong done by the violator.

Townes, 176 F.3d at 148 (internal quotation and citation omitted).

11

**DENIED IN PART**.  In this regard, all claims for monetary damages brought against Defendant CHIRSTOPHER CIEPLICK in his official capacity are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  The motion is denied in all other respects.  Plaintiffs are granted leave of thirty (30) days to effectuate proper service of process upon the United States.  Following this thirty (30) day period, the United States and Defendant CHIRSTOPHER CIEPLICK are granted leave to file motions pursuant to Fed.  R. Civ.  P. 12(b) challenging the state law tort claims brought against Defendant CHIRSTOPHER CIEPLICK in his individual capacity.

**IT IS SO ORDERED**.

DATED: December 8, 2005

Thomas J. McAvoy
Senior, U.S. District Judge