UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. KRUG and BONNIE S. KRUG,

                                                     Plaintiffs,

  -against-                                                                              1:04-CV-0640
                                                                                                      (TJM/DRH)

THE COUNTY OF RENNSELAER;
THE CITY OF TROY POLICE DEPARTMENT;
NICHOLAS KAISER, Police Chief; JACK MAHAR,
Captain; JOHN WATERS, Sergeant; RICHARD
SCHOONMAKER, Police Officer; LEE F. HESS,
Police Officer; CHRISTOPHER CIEPLICK, FBI
Special Agent, Individually and in their official capacities,

                                                        Defendants.

_____

THOMAS J. McAVOY,
Senior United States District Judge

**DECISION & ORDER**

**I.  INTRODUCTION**

      Plaintiffs Robert L. and Bonnie S. Krug commenced this action *pro se* alleging, *inter alia*, violations of their rights secured by the United States Constitution and New York State law. Plaintiffs' claims arise from the events surrounding Plaintiff Robert L. Krug's arrest, prosecution, and conviction for attempted armed robbery. See generally Am. Compl. and ¶¶ 17-25, 28, 29, 36 [dkt. #40].  Presently before the Court are motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by (1) the City of Troy, New York and all individual

defendants employed by the City of Troy ("the City defendants") [see dkt. # 66]; (2) the County of Rensselaer ("County defendant") [see dkt. # 67]; and (3) the United States of America representing Defendant Christopher Cieplick ("the federal defendant") [see dkt. # 77]. For the reasons that follow, all three motions are denied with leave to renew.

## II. STANDARD OF REVIEW

As discussed more fully below, all three motions are denied for the failure of at least one party to each motion to follow the requisite procedural requirements of these motions. Because the motions are denied with leave to renew, and because the Court anticipates that the motions will be renewed, the standard for summary judgment is forth below to educate the parties and, hopefully, to avoid similar mistakes in the future.

The Court may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in her favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must show, by

affidavits or other evidence, admissible in form, that there are specific factual issues that can only be resolved at trial. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).  In determining whether to grant summary judgment, the Court must resolve all ambiguities and draw all reasonable inferences from the submitted materials in a light most favorable to the non-moving party.  Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004).  However, a party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in the pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).   In this regard, a plaintiff may not create a question of fact by simply making vague, conclusory allegations or broad denials,  Govan v. Campbell, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003), or by submitting an affidavit that contradicts prior sworn testimony. Hayes v. New York City Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1996).  The nonmoving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, or by a factual argument based on "conjecture or surmise." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  Summary judgment will be granted when it is apparent on the facts presented that no rational trier of fact could find in favor of the nonmoving party because evidence supporting the essential elements of the non-movant's claim is lacking. FED. R. CIV. P. 56(c); Celotex Corp., 477 U.S. at 322.

      The Local Rules of the Northern District provide a mechanism for the efficient resolution of summary judgment motions. See N.D.N.Y.L.R. 7.1(a)(3).  This mechanism places the onus on the parties to marshal the evidence that either supports, or defeats, the motion.   In this regard,  Local Rule 7.1(a)(3) requires a party moving for summary judgment to submit a "Statement of Material

Facts" which

> shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits.

N.D.N.Y.L.R. 7.1(a)(3). The failure of a moving party to file a properly supported Local Rule 7.1 Statement of Material Facts is fatal to a summary judgment motion. Riley v. Town of Bethlehem, 5 F. Supp. 2d 92, 93 (N.D.N.Y. 1998)(McAvoy, J.).

Once a properly supported Local Rule 7.1(a)(3) Statement is submitted, the Local Rules *require* that the party opposing summary judgment

> file a response to the [movant's] Statement of Material Facts. The non-movant's **response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises.** The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

Id. (underscoring in original; bolded emphasis added).

The responding Statement of Material Facts is not a mere formality, and the Courts of the Northern District apply this rule strictly. See N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005)(upholding grant of summary judgment where "[t]he district court, applying Rule 7.1(a)(3) strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitting a responsive Rule 7.1(a)(3) statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations."); Gubitosi v. Kapica, 154 F.3d 30, 31 n. 1 (2d Cir. 1998)(per curiam)(accepting as

true material facts contained in unopposed local rule statement of material facts); Meaney v. CHS Acquisition Corp., 103 F. Supp.2d 104, 108 (N.D.N.Y. 2000)(deeming movant's Rule 7.1(a)(3) Statement admitted where non-movant's response "set forth *no* citations – specific or otherwise – to the record")(emphasis in original); McKnight v. Dormitory Auth. of State of N.Y., 189 F.R.D. 225, 227 (N.D.N.Y. 1999)(McAvoy, J.)("deem[ing] the portions of Defendants' 7.1(a)(3) statement that are not specifically controverted by Plaintiff to be admitted"); Osier v. Broome County, 47 F. Supp.2d 311, 317 (N.D.N.Y. 1999) (McAvoy, J.)(deeming admitted all facts in defendants' Rule 7.1(a)(3) statement where "plaintiff submitted thirteen pages of purported facts without any indication where those facts can be located in the record").

When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant in not disadvantaged by the lack of legal training. Govan, 289 F. Supp.2d at 295.  In this regard, the Local Rules require that:

> [w]hen moving for summary judgment against a *pro se* litigant, the moving party **shall** inform the pro se litigant of the consequences of failing to respond to the summary judgment motion. Counsel for the moving party **shall** send a notice to the pro se litigant that a motion for summary judgment seeks dismissal of some or all of the claims or defenses asserted in their complaint or answer and that their failure to respond to the motion may result in judgment being entered against them. A sample notice can be obtained from the Court's webpage at "www.nynd.uscourts.gov."

N.D.N.Y.L.R. 56.2 (emphasis added).[1]  This notice is generally referred to as the "critical notice." It puts the *pro se* litigant on notice of what papers must be submitted on a  motion for summary judgment. If the critical notice is served and the *pro se* party nevertheless fails to comply with procedural requirements of Fed. R. Civ. Pro. 56 or of the Local Rules (as discussed herein), then

---

[1] The sample notice can be found at http://www.nynd.uscourts.gov/prose.cfm  (see "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion").

there may be adverse inferences drawn against the party. Without a critical notice, the Court is left to wonder whether a *pro se*'s failure to properly respond to a motion for summary judgment results from the lack of legal training, or the lack of evidence supporting his or her positions.

Further, the Court must construe a *pro se* litigant's pleadings and papers liberally[2] and interpret them to raise the strongest arguments that they suggest. Veloz v. New York, 339 F. Supp.2d 505, 513 (S.D.N.Y. 2004). However, the application of this lenient standard does not relieve a *pro se* litigant of the requirement to follow the procedural formalities of Local Rule 7.1(a)(3), Govan, 289 F. Supp.2d at 295, and to cite to a specific facts that, if proven at trial, would establish the claim. Veloz, 339 F. Supp.2d at 513.

Simply stated, on a motion for summary judgment, it is the duty of *the parties*, not the Court, to sift through the record and bring to the Court's attention the pertinent information that may create or defeat a triable issue of fact. See Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002)("We agree with those circuits that have held that FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.")(citations omitted). The Local Rules require *the parties* "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(internal quotation marks and citations omitted).

## III. DISCUSSION

Neither the City defendants nor the federal defendant have served a critical notice. While

---

[2] To construe pleadings liberally means the Court must view the submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." Govan, 289 F. Supp.2d at 295.

the County defendant's Notice of Motion complies with the bare essentials of Local Rule 56.2's requirements, it is clear that Plaintiffs fail to understand the requirement of responding to the various Statements of Material Facts with mirrored Statements of Material Facts providing competent support for their positions.  Rather, the Plaintiffs respond with a hodgepodge of materials consisting mainly of bald conclusory allegations or denials.  Further, the federal defendant's Local Rule 7.1 Statement of Material Facts fails to provide *any* citations to the record and, therefore, fails to comply with Local Rule 7.1(a)(3).

"Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles." Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).  "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Id. Here, given the failure of two of the moving parties to comply with the requirements of the Local Rules, and the failure of the *pro se* plaintiffs to comply with these rules on all motions, it would require a Herculean effort on the part of the Court to wade through the morass of papers submitted on these motions to determine whether genuine questions of material facts exist.  The Court has neither the time nor the inclination to do so, especially on the two motions in which the moving parties failed to comply with the Local Rules.

Therefore, in order to preserve the scare judicial resources in this District, all three motions will be denied with leave to renew so as to afford *the parties* the ability to do what the rules require. Inasmuch as the County defendant's motion is arguably proper, it may renew its motion simply by serving a new Notice of Motion incorporating the papers submitted on this motion.  Upon renewal of any of the motions, Plaintiffs will be required to comply with all applicable rules.

## IV.  CONCLUSION

For the reasons stated above, the motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by (1) the City of Troy, New York and all individual defendants employed by the City of Troy [dkt. # 66];  (2) the County of Rensselaer  [dkt. # 67]; and (3) the United States of America representing Defendant Christopher Cieplick [dkt. # 77] **ARE DENIED WITH LEAVE TO RENEW WITHIN THIRTY (30) DAYS OF THE DATE OF THIS DECISION AND ORDER.**

**IT IS SO ORDERED**

DATED: September 18, 2006

Thomas J. McAvoy
Senior, U.S. District Judge